RECEIVED
JAN 27 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| **DARREN DEWAYNE PRICE** | **CIVIL ACTION NO. 05-158-P** |
| **VERSUS** | **JUDGE HICKS** |
| **GARY ALLEN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed by pro se plaintiff Darren Dewayne Price ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on January 26, 2005. Plaintiff is currently incarcerated at the Richwood Correctional Center in Monroe, Louisiana. He alleges his civil rights were violated by prison officials while incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana. He names Gary Allen, John Goodwin, Willie Hunter, James Banks and James Johnson as defendants.

Plaintiff was ordered on June 15, 2005 to file, within 30 days of the service of the order, a copy of all steps taken in the Administrative Remedy Procedure and responses to said ARPs and an amended complaint. This Court granted Plaintiff an extension until November 21, 2005 to comply with the Order To date, Plaintiff has not done so.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 27 day of January 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

CC:SMH

H:\PRO SE\RULE41\Price.1983.amd.proof.1-06.wpd